GREEN, Judge.
In this dissolution proceeding, Sherry Adler appeals the trial court’s partial final judgment of annulment entered in favor her husband, Gary Noon Adler. Mrs. Adler presents two points on appeal, the first of which is determinative and is a basis for reversal.
Many of the facts pertinent to this appeal are undisputed. Viewing all of the alleged facts most favorably to Mr. Adler, it appears that Mrs. Adler has been untruthful to Mr. Adler, the state of Florida, and the trial court with respect to the number of her prior marriages. At the outset of the couple’s courtship, Mrs. Adler stated to Mr. Adler that she had been married two times; the first marriage ended due to the death of her husband, and her second marriage ended by divorce. Mrs. Adler was actually married four times, and all of those marriages ended by divorce. Mrs. Adler also misrepresented the number of previous marriages on her marriage application with the state of Florida and in her sworn interrogatory responses to Mr. Adler’s questions. Mr. Adler contended, and the trial judge so found, that he would not have married Mrs. Adler had he been aware of her actual marital history. The trial judge proceeded to grant an annulment to Mr. Adler based on what he characterized as fraudulent statements by Mrs. Adler which induced Mr. Adler into marriage.
It is not suggested that Mrs. Adler lacked the legal ability to engage in the marital relationship with Mr. Adler. The parties had been legally married almost ten years before Mrs. Adler filed her petition for dissolution of the marriage. The parties have not only lived as husband and wife for this period of time, but the record reflects that they have been working in a business together. The parties also stipulated that the marriage was consummated.
The husband relies on Jones v. Jones, 119 Fla. 824, 161 So. 836 (1935), in support of affirmance.[1] However, that case is distinguishable both factually and legally. In Jones, the wife married the husband when she was still married. During the marriage the first husband died. The court stated that the parties’ marriage was therefore void but ripened into a valid common-law marriage after the first husband died. The husband sought and was granted an annulment because the husband did not have sexual relations with the wife during the common-law marriage after the time he learned of the fraud. What Mr. Adler fails to note is that the marriage at issue in Jones was “legally voidable although not absolutely void at the time” the suit was filed. In the case at bar, the marriage was never void or voidable.
We are persuaded by the cases cited by Mrs. Adler that the trial judge erred in terminating the parties’ relationship by annulment. In Rubenstein v. Rubenstein, 46 So.2d 602, 603 (Fla.1950), the supreme court stated unequivocally that “it is established law that one who has become a party to that ceremony by fraud of the other party may secure annulment if the marriage has not been completed by sexual intercourse.” Accord, Savini v. Savini, *954 58 So.2d 193 (Fla.1952) (holding that although appellee committed fraud upon appellant, the marriage was consummated and fraud alone is not sufficient to grant annulment). Therefore, the trial court erred in granting partial final judgment of annulment.
We therefore reverse the judgment of annulment and remand for further proceedings consistent with this opinion.
BLUE, C.J., and SALCINES, J., Concur.

. In 1967, the legislature added section 741.211 to the Florida Statutes, invalidating all common-law marriages entered into after January 1, 1968. Therefore, it is questionable whether Jones remains good law.